**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLOYD EUGENE BENDER, JR., <br><br> Petitioner, <br><br> v. <br><br> CA INSTITUTION FOR MEN, et al., <br><br> Respondents. | Case No. 2:21-cv-03310-MWF-MAA <br><br> **ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

**I.  INTRODUCTION AND BACKGROUND**

On April 6, 2021, the Court received and filed Petitioner Floyd Eugene Bender, Jr.'s ("Petitioner") pro se filing entitled "Notice: Motion to Grant Judgment for Failure to Respond to Emergency Complaint (Acquiescence)," which the Court construed as a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.)  Petitioner alleged that on March 22, 2021, he filed an institutional complaint, or "emergency grievance," seeking his release from confinement at the California Institution for Men because he was "incarcerat[ed] for extra days and hours without any consent

nor probable cause." (*Id.* at 1–2, 5.)[1] Petitioner appeared to seek damages based on his continued confinement and the institution's failure to respond to this grievance. (*Id.* at 2–3.)

On April 20, 2021, in response to the filing of the Petition, the Court ordered Petitioner (1) to file an amended petition incorporating a completed Form CV-69, this District's form for habeas petitions by individuals in state custody; (2) to either pay the $5 filing fee or to file a completed application for leave to proceed *in forma pauperis*; and (3) to show cause why the Petition should not be dismissed for failure to state a cognizable habeas claim ("April 20 Order"). (Apr. 20, 2021 Order, ECF No. 3.) Although the Court's April 20 Order required Petitioner to respond by no later than May 20, 2021 (*see id.*), the April 20 Order later was returned as undeliverable (ECF No. 4). On May 10, 2021, the Court re-sent the April 20 Order to Petitioner's corrected address and extended the deadline to respond until June 9, 2021. (ECF No. 5.)

On July 28, 2021, in the absence of any correspondence from Petitioner, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 based on Petitioner's failure to comply with the Court's orders ("July 28 OSC"). (July 28, 2021 OSC, ECF No. 6.) The Court ordered Petitioner to respond by August 27, 2021 and warned that failure to do so would result in dismissal. (*Id.* at 2.)

On August 24, 2021, the Court took judicial notice of an August 23, 2021 order updating Petitioner's address in another pending case ("August 24 Order"). (Aug. 24, 2021 Order, ECF No. 7, at 2.) Although the Court's July 28 OSC was not returned to sender, out of an abundance of caution, the Court sent courtesy copies of the April 20 Order and July 28 OSC to Petitioner's updated address and

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

extended Petitioner's deadline to respond to the July 28 OSC until September 23, 2021. (*Id.* at 2–3.) The Court again warned Petitioner that failure to respond to the July 28 OSC by September 23, 2021 would result in dismissal. (*Id.* at 3.)

To date, Petitioner has not responded to the Court's April 20 Order or July 28 OSC.

## II. ANALYSIS

### A. Legal Standard

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

Before dismissing an action for failure to prosecute or for failure to comply with a court order, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779,

788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

### B. The Factors Support Dismissal.

#### 1. The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally are considered together. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

Here, these factors weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not complied with the Court's orders to submit an amended petition using Form CV-69, to either pay the $5 filing fee or submit a request to proceed *in forma pauperis*, or to show cause why his Petition states a cognizable habeas claim. Indeed, he has not filed any response to the Court's April 20 Order or July 28 OSC.

The Court concludes that Petitioner's failure to comply with these Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cnty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding

that district court did not abuse its discretion by dismissing pro se prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondents

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action, even in cases such as this in which the respondents have not yet been ordered to respond to a habeas corpus petition. *See Pagtalunan*, 291 F.3d at 642. Here, Petitioner has offered no reason for failing to respond to the Court's April 20 Order or July 28 OSC. The absence of any reason indicates sufficient prejudice to Respondents. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991)

5

("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Here, rather than dismissing the Petition when Petitioner failed to respond to the April 20 Order, the Court issued the July 28 OSC, warning Petitioner that the Petition would be dismissed if he did not respond. (July 28 OSC at 2.) Petitioner failed to file a response.

### 4. Public Policy Favoring Disposition of Cases on Their Merits

The fifth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted). Thus, this factor alone does not preclude dismissal.

### C. Dismissal of this Action is Appropriate.

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay. In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court concludes that dismissal of this action for failure to comply with Court orders and failure to prosecute is warranted. However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that (1) the Petition is **DISMISSED** for failure to comply with court orders and failure to prosecute, and (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has considered whether a certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED: November 29, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE